IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. H-09-0657 |
| | § |
| ARMANDO GARCIA GRACIA, | § |
| | § |
| Defendant. | § |

**ORDER**

This court sentenced Armando Garcia Gracia on May 25, 2010, following his guilty plea to an indictment charging him with illegal reentry of a previously deported alien following a conviction for an aggravated felony offense. The underlying aggravated felony was a sexual offense with a minor. At sentencing, this court advised Garcia Gracia that he could be required as a provision of supervised release to register as a sex offender, subject to the probation officer's discretion. Garcia Gracia objected to having the registration requirement left to the probation officer's discretion and argued that he should not be required to register if applicable state or federal law did not require it.

The written judgment stated as follows in the section entitled "Special Conditions of Supervision":

> If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting.

> The defendant shall register with the sex offender registration agency in any state where the defendant resides, is employed, carries on a

>vocation, or is a student, as directed by the probation officer, and authorized by the Court. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting, unless the defendant resides in a state that does not require the registration of sex offenders.

During the oral sentencing hearing, the following colloquy occurred:

>THE COURT: . . . You must report the address where you will reside and any subsequent change of residence to the probation officer responsible for supervision, and you must register with the sex offender registration agency in any state where you live, where you are employed, where you carry on a vocation or where you are a student, as directed by the probation officer. And the probation officer will provide the state officials with all information required by the state sex offender registration agency and may direct that you report to that agency personally for additional processing, such as photographing and fingerprinting . . . .
>
>MR. HERMAN: Your Honor, there is one matter that I would like to raise and enter an objection, and that is with regard to the sex offender registration because of the age, in particular, of his prior conviction. I would object unless the Court modifies it such that, one, registration is not within the discretion of the probation officer, and, two, that the registration –
>
>. . . .
>
>MR. HERMAN: It is only required to the extent that the law of the state in which he resides, assuming he ever resides in the state again, which I know by law he cannot do, but only if it is required by the particular state or otherwise required by federal law. Because if it is not required by either the state or federal law based on the age of the conviction, I would argue it shouldn't be required at all and certainly not left to the discretion of the probation officer.
>
>THE COURT: Sure, I don't have any problem with that. Anything further?

On appeal, the Fifth Circuit pointed out the conflict between the oral sentencing hearing at which this court appeared to sustain the objections and the written judgment that retained the

2

discretion of the probation officer to determine whether Garcia Gracia must participate in sex-offender registration and did not limit the participation to the mandates of state or federal law. The Fifth Circuit remanded for this court to clarify the written judgment in light of the statements made at the sentencing hearing. Rule 36 specifies that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.

Having examined the record, this court clarifies the written judgment as follows:

> The defendant must register with the sex offender registration in any state in where the defendant resides, is employed, carries on a vocation, or is a student, if that state requires the registration of sex offenders and those requirements applied to the defendant. If state or federal law requires such registration, the probation officer will provide the state officials with all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for such additional processing as photographing and fingerprinting.

This revision makes the written judgment consistent with the oral pronouncements at sentencing.

SIGNED on May 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3